**ALEC L., by and through his Guardian Ad Litem Victoria LOORZ, et al.,**
**Appellants**

v.

**Gina McCARTHY, in her Official Capacity as Administrator of the United States Environmental Protection Agency, et al., Appellees.**

No. 13–5192.

United States Court of Appeals, District of Columbia Circuit.

June 5, 2014.

Thomas Joseph Beers, Beers Law Offices, Missoula, MT, Philip Lawrence Gregory, Cotchett, Pitre & McCarthy, LLP, Burlingame, CA, Julia Ann Olson, Wild Earth Advocates, Eugene, OR, for Appellants.

David C. Shilton, DOJ Appellate Counsel, Robert Geoffrey Dreher, John David Gunter, II, Martin F. McDermott, U.S. Department of Justice, Washington, DC, for Appellees.

Before: GARLAND, Chief Judge, SRINIVASAN, Circuit Judge, and GINSBURG, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs filed by the parties. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the district court's orders filed May 31, 2012 and May 22, 2013 be affirmed.

Relying on the public trust doctrine, the plaintiffs in this case filed a one-count complaint alleging that the federal defendants are trustees of essential natural resources pursuant to various provisions of the Constitution, and that the defendants have abdicated their trust duty to protect

---

the atmosphere from irreparable harm. The plaintiffs invoked the federal question statute, 28 U.S.C. § 1331, as the basis for subject matter jurisdiction over their claim.

The plaintiffs point to no case, however, standing for the proposition that the public trust doctrine—or claims based upon violations of that doctrine—arise under the Constitution or laws of the United States, as would be necessary to establish federal question jurisdiction. *See id.* To the contrary, the Supreme Court recently reaffirmed that "the public trust doctrine remains a matter of state law" and that "the contours of that public trust do not depend upon the Constitution." *PPL Mont., LLC v. Montana,* — U.S. —, —, 132 S.Ct. 1215, 1235, 182 L.Ed.2d 77 (2012); *see also Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 284–88, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997) (treating the public trust doctrine as a matter of state law); *Phillips Petroleum Co. v. Mississippi,* 484 U.S. 469, 473–76, 108 S.Ct. 791, 98 L.Ed.2d 877 (1988) (similar). The plaintiffs contend that *PPL Montana* contemplated only the *state* public trust doctrine and thus casts no doubt on the potential existence of any *federal* public trust doctrine. The Supreme Court in *PPL Montana,* however, repeatedly referred to "the" public trust doctrine and directly and categorically rejected any federal constitutional foundation for that doctrine, without qualification or reservation. *See PPL Montana,* 132 S.Ct. at 1234–35; *see also United States v. 32.42 Acres of Land, More or Less, Located in San Diego Cnty., Cal.,* 683 F.3d 1030, 1037–38 (9th Cir.2012) (relying on *PPL Montana* in holding that "the contours of [the public trust doctrine] are determined by the states, not by the United States Constitution"). Accordingly, the district court correctly dismissed the plaintiffs' suit for lack of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of [a] federal claim is proper . . . when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.' ") (quoting *Oneida Indian Nation of N.Y. v. Cnty. of Oneida,* 414 U.S. 661, 666, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974)).

Pursuant to D.C.Cir. R. 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41(a)(1). .